I agree with the result in this case, but write separately to express my view about the division of debt in divorce cases. In that regard, I adhere to my position in Tester v. Tester (May 10, 1995), Darke App. No. 1361 CA, unreported, which is that the equal division presumption of R.C3105.171 applicable to an equitable division of marital property doesn't apply to an allocation of marital debt.
Per R.C. 3105.11, a domestic relations court acts as a court of equity and "has full equitable powers and jurisdiction appropriate to the determination of domestic relations matters." R.C. 3105.171(C)(1) creates a presumption that an equal division of marital property is equitable. That particular presumption does not apply to allocation of marital debt, which is not marital property as the statute defines it. Nevertheless, consistent with the general charge it is given by R.C.3105.11, the court must allocate responsibility for that debt equitably. That ordinarily is done by requiring one of the spouses to pay a particular debt and to hold the other spouse harmless on it.
Generally, debt is allocated to the party who is awarded an asset the debt encumbers. The court need not do that, however. Such debt, as well as unsecured debt, may be allocated to either party. The court is permitted to consider that allocation in the other awards of marital property and distribution of separate property that it orders. R.C.3105.171(F)(2). The court is also charged to consider the relative assets and liabilities of the parties in awarding spousal support. R.C.3105.18(C)(1)(i). These provisions permit the court to adjust the resources of a party who is ordered to pay a debt in order to provide the basis for its payment.
None of this is to say that the court may allocate marital debt inequitably. It merely means that debt, because it is an obligation, is equitably allocated to the party whose resources will support its payment and, if it is secured by an asset, who is awarded the asset. Those considerations and not the equal division requirements of R.C. 3109.171
should guide the court, and no abuse of discretion is shown merely by the fact of an unequal division of marital debt.